## Shafferstown Road.

A petition for the review of a road should be signed by persons in interest, and not by their attorney. It is not error in the court of quarter sessions to refuse to grant a review upon the petition of an attorney.

CERTIORARI to the quarter sessions of *Lebanon* county.

A petition had been presented to the court for the appointment of men to view the ground for a road from the Bucks county line to the Shafferstown road, and report was made in favour of the road ; to which exceptions were filed and overruled, and the report confirmed *nisi.* A petition was then presented for a review, signed by Peter Batdorff, attorney for Jacob Seibert and George Becker ; which, upon objection made, the court (Blythe, president) rejected, on the ground that a petition signed by an attorney was not such as the act of assembly required : upon which, this *certiorari* was sued out.

[Shafferstown Road.]

*Pearson*, pro querente.
*Weidman*, contra.

The opinion of the Court was delivered by

Huston, J.—Every general law leaves something of the details of practice under it to the courts, who are to carry the law into effect; and every court has the power to regulate its own practice, provided such regulation is consistent with the laws of the land, and not injurious or oppressive.

The review is to be granted at the expense of the parties applying for the same; it cannot be known until after the view, whether the whole six reviewers will attend, nor how often they will meet, nor how many days they will be engaged; of course the expense cannot be known, and therefore cannot be paid until after the report is made; for this reason, the names of the persons liable, ought to be of record. But independent of this, the court can only grant the review on application: the application, appointment of reviewers, report and decision of the court, are all to be matters of record. The universal and proper practice has been, and is, to make the application by petition. Generally an attorney may do any and every act for his client in the matter in court, in which he is retained; and in this state the warrant of attorney is seldom filed or given: but an attorney may be retained to oppose a road as unnecessary, and that is a very different thing from being retained to obtain a road between the same points, but on different ground from what has been reported.

The universal practice has been, that the parties dissatisfied should themselves sign the petition for a review. No judge on this bench, and no lawyer whom I have consulted, ever before saw such a petition signed by the attorney. This is an innovation on long and perhaps universal practice; and independent of any question of its legality, we can see many reasons why we ought not to compel the quarter sessions to adopt it. They have the right to regulate their own practice, and to resist any innovation which to them may appear pregnant with inconvenience; and it must be a clear case in which we will interfere and compel them to adopt a new and different practice.

If this petition had been acted on, and a review granted and a report of viewers made, and we were asked to reverse the proceedings because the petition for a review was signed by the attorney, it would present a different question, and on that no opinion is given.

We believe the usage of the petitioners themselves signing the petition is more for the convenience of the court, better for the bar, and more in accordance with the spirit of the act of assembly; and we affirm the decision of the court below.

Proceedings affirmed.