## In the Court of Quarter Sessions of Lancaster Co.

## ROAD IN EAST HEMPFIELD TOWNSHIP.

Upon presentation of petition asking for the appointment of road viewers for a double purpose after their appointment, the court of quarter sessions has full power to allow such amendments in said petition as will remedy defects.

**Exceptions to report of viewers.**

Opinion delivered April 18, 1874, by

LIVINGSTON, P. J. At April sessions, 1873, a petition was presented asking the court to appoint viewers to view and widen a public road, leading from a point on the Harrisburg and Middletown turnpike, at Landisville, to the Spring Mill school house; also, to view, widen and change into a public road, a private road from Spring Mill school house, to a point on a public road running from the Marietta turnpike to Salunga, all in East Hempfield township.

Viewers were appointed by the court, and, on May 19, 1873, an affidavit was made by H. C. Lehman, filed and presented by his counsel, Mr. Eby, and a rule was granted to show cause why the appointment should not be revoked.

On June 20, 1873, on the rule being called for argument, the counsel for petitioners asked leave of court to amend their petition by striking out of it everything relating to the road first therein mentioned, and making the petition to read, "that your petitioners labor under great inconvenience on account of the want of a public road of proper width, starting from Spring Mill school house, to a point on a public road running from the Marietta turnpike to Salunga;" virtually making it a petition to view and lay out a public road between the two points therein mentioned. To this motion to amend no objection was made by Mr. Lehman's counsel, who stated that he was only interested so far as the road first mentioned in the petition was concerned, and if that was stricken out of the petition he had nothing further to do in the matter.

The court suggested that a new petition should be prepared and presented, but, counsel persisting in his motion, and there being no further opposition, he was allowed to amend, and the court directed a new order to issue embracing only the road asked to be viewed in the petition as amended. Such order was then issued, the viewers met, viewed the ground, and report that they have viewed, laid out and do return for public use a road between the two points stated in the petition, as amended, and in the order issued to them; their report being confirmed *nisi* August 19, 1873.

To this report exceptions were filed by Mr. Eby, as attorney for Chn. Nolt et al., on September 13, 1873, and on November 19, 1873, a petition was presented asking for the appointment of re-viewers in case the exceptions were overruled by the court.

Most of these exceptions, however, relate to the original petition prior to the amendment, and the only real point presented in this case is: "Had the court power to allow the petitioners, by their counsel, to amend the petition as hereinbefore stated?"

The Sheafferstown Road, 3 Watts 475, was a case of re-view. It was there decided that a petition for the re-view of a road should be signed by persons in interest, and not by their attorney, and that it was not error for the court to refuse to grant a re-view upon the petition of an attorney. And the reason given is, that there should, in cases of re-view especially, be some one on record liable for costs, as the re-view is to be granted at the expense of the party applying for the same. The court below refused to grant a re-view on such petition, and the supreme court affirmed the proceedings; but in delivering the opinion, say that "if this petition had been acted on, and a re-view granted, and a report of viewers made, and we were asked to reverse the proceedings because the petition for a re-view was signed by the attorney, it would present a different question, and on that no opinion is given.

In Harvey v. Lloyd et al., 3 Barr 340: In proceedings to open a railroad from mines to public works, the petition was in the name of the owners, and the names of all the owners were put to the petition by one John Bennett, their agent and lessee, and the court say: We deem this a substantial compliance with the act of the legislature, which requires the proceedings to be in the name of the owners.

And in Sharrett's Road, 8 Barr 89, it was decided that a petition for the assessment of damages sustained by reason of laying out and opening an alley, in the name of the owner of the land through which it passed, and signed for him by his agent as such, is a sufficient compliance with the act of assembly.

In the case before us the petition was signed by the petitioners themselves, the proper parties; they are on record, liable for any costs that may be incurred in these proceedings; they employ counsel to represent them. and by and through their counsel they asked the court to allow them to amend their petition. The court permitted the amendment to be made, and directed a new order to be issued in accordance therewith, and the report is in conformity with the order.

We think the court, under the decisions above cited, was fully authorized to permit the amendment. We, therefore, overrule the exceptions, and will appoint re-viewers upon the petition presented for that purpose.